STATE OF MAINE *vs.* C. H. LIBBY et al.

Kennebec.     Opinion November 5, 1907.

*Criminal Law.   Indictment.   Name of Defendant.   Initials.*

1.  The defendant was indicted by the name of C. H. Libby for violation of the law against the sale of intoxicating liquors.  He filed a plea in abatement in proper form, averring that his name was Cyrille H. Libby and not C. H. Libby as in the indictment alleged.  The State filed a replication to the effect that the defendant was as well known by the name of C. H. Libby as by that of Cyrille H. Libby.  The defendant then demurred to the replication and demurrer was joined.  The demurrer was overruled and the replication adjudged good.  The defendant then excepted.

2.  The demurrer admitted all the facts stated in the replication, and the only question therefore presented was whether a person who is as well known by the initials C. H. as by the name Cyrille H. can be properly indicted in the name of the initials.  *Held:*  That such an indictment is good.

On exceptions by the defendant Libby.    Overruled.

Five indictments, Numbers 264, 265, 266, 279 and 280, found by the grand jury at the September term, 1905, of the Superior Court, Kennebec County, all against the defendant Libby, and presumably all against both defendants, for the alleged illegal sale of intoxicating liquors.

One of these indictments, as shown by the case as sent to the Law Court, is as follows :

"STATE OF MAINE.

" Kennebec, ss.

" At the Superior Court, begun and holden at Augusta, within and for the County of Kennebec, on the first Tuesday of September in the year of our Lord one thousand nine hundred and five.

" The jurors for said State, upon their oath present, that Andrew Peterson and C. H. Libby, of Waterville in said County of Kennebec, at Waterville in said County of Kennebec, on the first day of May in the year of our Lord one thousand nine hundred and five

and on divers other days between said day and the day of the finding of this indictment, without any lawful authority, license or permission, was a common seller of intoxicating liquors.

" Against the peace of the State and contrary to the form of the statute in such case made and provided.

" A true bill,

" JASPER S. GRAY, Foreman."

" THOS. LEIGH,

"County Attorney."

To this indictment the defendant Libby filed a plea in abatement as follows :

"STATE OF MAINE.

"Kennebec, ss.

"Superior Court for the County of Kennebec and State of Maine, at the September Term thereof, in the year of our Lord one thousand nine hundred and five.     Number 265.

"State of Maine, by indictment against C. H. Libby. And on the thirteenth day of September in the year of our Lord one thousand nine hundred and five.

"And now comes Cyrille H. Libby, in his own proper person, into said Court, and having heard the said indictment against him read, saith, that the said State of Maine ought not to further prosecute the said indictment against him, the said Cyrille H. Libby, because he saith he now is and always was called and known by the name of Cyrille H. Libby and not C. H. Libby, as by the indictment in this prosecution is alleged, and this he is ready to verify.

"Wherefore the said Cyrille H. Libby prays judgment of said indictment and that the same be quashed.

"CYRILLE H. LIBBY."

"STATE OF MAINE.

"Kennebec, ss.    Superior Court for the County of Kennebec, and State of Maine, and at the September term thereof, in the year of our Lord one thousand nine hundred and five.

"State of Maine by indictment against C. H. Libby.

"Personally appeared this thirteenth day of September in the year of our Lord one thousand nine hundred and five, the before named Cyrille H. Libby, who is alleged as respondent in said indictment, and made oath that the foregoing plea by him subscribed is true in substance and in fact.

"Before me,

"C. W. JONES,

"Justice of the Peace."

To this plea in abatement the State, by the County Attorney, filed a replication as follows:

"And the said State of Maine by Thomas Leigh, County Attorney, says, that by anything above alleged, 'the said indictment ought not to be quashed, because, he says, that the said Cyrille H. Libby who appears to said indictment is the same person against whom said indictment was presented, and is, and at the time of the finding of said indictment was, called and known as well by the name of C. H. Libby as by the name of Cyrille H. Libby; and this he prays may be inquired of by the country.

"THOS. LEIGH,

"County Attorney."

To this replication the defendant Libby demurred as follows:

" Kennebec, ss.          Superior Court, September Term 1905.

" Nos. 264, 265, 266, 279 and 280.

" State of Maine *v.* C. H. Libby.

" And now the said alleged respondent comes and says that the replication in said causes is bad in substance and insufficient in law, wherefore he prays judgment and that he may be discharged."

"By F. W. CLAIR, his attorney."

The County Attorney then joined the demurrer as follows:

" And the undersigned County Attorney, who prosecuted for the State, says that said replication is sufficient in law.

" Wherefore he prays judgment and that said respondent may be convicted of the offense alleged in said indictment.

"THOS. LEIGH, County Attorney."

Upon hearing, the demurrer was overruled and the replication adjudged good.    To these rulings, the defendant Libby took exceptions.

By a statement contained in the brief of counsel for the defendant Libby, it appears that it was agreed that the aforesaid pleadings were to apply to all of the aforesaid indictments.

*Thomas Leigh,* County Attorney, for the State.

*F. W. Clair,* for defendant Libby.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

SPEAR, J.    Numbers 264-265-266-279 and 280, all against the above named respondent, come from the Superior Court for Kennebec County, September term, 1905, on exceptions.

These are all indictments found against C. H. Libby for a violation of the law against the sale of intoxicating liquors.    The respondent seasonably filed a plea in abatement in proper form and averred that his name was Cyrille H. Libby and not C. H. Libby, as in the indictment alleged.    The State by the County Attorney filed a replication that "The said Cyrille H. Libby who appears to said indictment, is the same person against whom said indictment, was presented and is, and at the time of finding said indictment was, called and known as well by the name of C. H. Libby, as by the name of Cyrille H. Libby ; and this he prays may be inquired of by the country."    To this replication the defendant demurred and the County Attorney for the State joined the demurrer.    The demurrer was overruled and the replication adjudged good.    The demurrer admitted all the facts stated in the replication.    The only question therefore presented by the exceptions is, if a person is as well known by the initials C. H. as by the name Cyrille H., can he be properly indicted in the name of the initials?

In *Robbins* v. *Swift,* 86 Maine, 197, it was held :  "Letters of the alphabet, consonants as well as vowels, may be names sufficient to distinguish different persons of the same surname."    If, therefore, the letters of the alphabet or initials may be used to distinguish different persons of the same surname, and the respondent admits

that he is as well known by the letters of the alphabet or the initials as by his full Christian name, we can discover no logical reason why the indictment is not sufficient. Certainty is the object aimed at in requiring the insertion of correct names in an indictment, and we know of no way in which greater certainty could be attained than by the admissions of the respondent, himself, as disclosed by the pleadings in this case.

*Exceptions overruled.*